IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | :  Criminal Action No. 06- 46- UNA |
| BRADLEY TORRENCE, a/k/a Tuffy, and SHAWN WILLIAMS, a/k/a Malik Muhammad, | : |
| Defendants. | : |



F I L E D
MAY 2 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### INDICTMENT

The Grand Jury for the District of Delaware charges that:

### Count I

From on or about September 7, 2005, and continuing up to on or about March 14, 2006, in the State and District of Delaware, and elsewhere, including Pennsylvania, Bradley Torrence, a/k/a Tuffy, and Shawn Williams, a/k/a Malik Muhammad, defendants herein, did knowingly conspire and agree with other unindicted coconspirators known and unknown to the grand jury to commit the following offense against the United States: to knowingly distribute, and possess with intent to distribute, more than five kilograms of cocaine, a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), all in violation of 21 U.S.C. § 846.

### Count II

On or about March 8, 2006, in the Eastern District of Pennsylvania, Bradley Torrence, a/k/a Tuffy, and Shawn Williams, a/k/a Malik Muhammad, defendants herein, did knowingly possess with



intent to distribute a substance containing more than five kilograms of cocaine, a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

### Count III

On or about March 14, 2006, in the Eastern District of Pennsylvania, Bradley Torrence, a/k/a Tuffy, defendant herein, did knowingly possess with intent to distribute a substance containing more than five hundred grams of cocaine, a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

### Count IV

On or about ~~January 13,~~ March 17, 2006, in the District of Delaware, the defendant, Bradley Torrence, a/k/a Tuffy, knowing the property involved in a financial transaction within the meaning of 18 U.S.C. § 1956(c)(3) and (4), to wit, the use of a safe deposit box to store about $54,000 cash at Wachovia Bank, a financial institution which is engaged in, and the activities of which affect, interstate commerce, represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity, to wit, violations of 21 U.S.C. § 841 (conspiracy to distribute cocaine), knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the source, and the control of the proceeds of specified unlawful activity (the distribution of cocaine), in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

### NOTICE OF FORFEITURE

**NARCOTICS OFFENSES**

Upon conviction of one or more of the controlled substance offenses alleged in Counts I-III above, BRADLEY TORRENCE, a/k/a Tuffy (With respect to Counts I-III), and SHAWN

WILLIAMS, a/k/a Malik Muhammad (with respect to Counts I and II), defendants herein, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

**MONEY LAUNDERING OFFENSE**

Upon conviction of the money laundering offense listed in Count IV above, BRADLEY TORRENCE, a/k/a Tuffy, defendant herein, shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) all right, title, and interest in any and all property involved in said offense in violation of 18 U.S.C. § 1956, for which the defendant is convicted, and all property traceable to such property, including the following: a) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956; b) all commissions, fees and other property constituting proceeds obtained as a result of said violation; and c) all property used in any manner or part to commit or to facilitate the commission of said violation.

Such property includes but is not limited to a sum of money in the amount of $54,000.

**SUBSTITUTE ASSETS**

If any of the above-described forfeitable property (including property forfeitable under either 21 U.S.C. § 853 or 18 U.S.C. § 982(a)(1)), as a result of any act or omission of the defendants:

(1)   cannot be located upon the exercise of due diligence;

(2)   has been transferred or sold to, or deposited with, a third party;

(3)   has been placed beyond the jurisdiction of the court;

(4)   has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL:

_____
Foreperson

COLM F. CONNOLLY
United States Attorney

By: /s/ Richard G. Andrews
Richard G. Andrews
Douglas E. McCann
Assistant United States Attorneys

Dated: May 2, 2006