*Filed in open court 12/1/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-46-02 KAJ |
| | ) |
| SHAWN WILLIAMS, | ) |
| a/k/a Malik Muhammad, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Richard G. Andrews and Douglas E. McCann, Assistant United States Attorneys for the District of Delaware, and the defendant, Shawn Williams, by and through his attorney, Brian McMonagle, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts I and II of the Indictment. Count I charges the defendant with knowingly conspiring to distribute, and to possess with intent to distribute, more than five kilograms of cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and 846. Count II charges him with knowingly possessing, with intent to distribute, more than five kilograms of cocaine, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A). The defendant understands that the maximum penalties for Counts I and II are life imprisonment, of which ten years are minimum-mandatory, a fine of $4,000,000, lifetime supervised release with a minimum of five years of supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is, for Count I: (1) two or more persons conspired, or agreed, to commit the crime of possessing with intent to distribute, or distribution of, five kilograms or more of a mixture and substance containing a detectable amount of cocaine; and (2) that the defendant knowingly and voluntarily joined the conspiracy; and for Count II: (1) on or about March 8, 2006, the defendant possessed with intent to distribute a substance; (2) the substance contained a detectable amount of cocaine; (3) the substance weighed more than five kilograms; (4) the defendant acted knowingly, that is, he knew that he possessed with intent to distribute a controlled substance.

3. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a).  He understands that the final determination of the sentencing guidelines will be up to the sentencing judge.  Provided that the United States does not learn after the defendant's entry of a guilty plea of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). The defendant understands that the Court is not bound by a stipulation between the parties, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

4. The defendant agrees to pay the $200 special assessments the day of sentencing.  Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program

2

through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

        5.        The defendant agrees to cooperate fully and truthfully with the Government as follows:

        a.        The defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

        b.        The defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Indictment of which he has knowledge, and any other crimes about which he has knowledge. The defendant further understands and agrees that (i) all information and cooperation provided pursuant to this agreement is on the record; and (ii) all information provided under any prior off-the-record proffer letter shall be on the record as of the date of the defendant's entry of a guilty plea.

        c.        The defendant agrees to provide the government with information concerning any bank accounts in his name or in the name of another in which sums are deposited by or at the direction of the defendant, and information about his state and federal taxes in the last seven years, including his state and federal tax returns. The defendant further agrees to provide all names, aliases and social security numbers presently or previously used by him. Defendant understands that his assets, if any exist, may be subject to civil or criminal forfeiture proceedings.

        d.        The defendant agrees that he will not falsely implicate any person

or entity and he will not protect any person or entity through false information or omission.

e.       The defendant agrees to testify truthfully at any Grand Jury, hearing, or trial if called as a witness.

f.       The defendant agrees to hold himself reasonably available for any interviews as the government may require.

g.       The defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

h.       The defendant understands that his cooperation shall be provided to any law enforcement agency as requested by counsel for the government.

i.       To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until such time as the government agrees that all relevant sentencing information is available.

j.       The defendant agrees that if the government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the government and the defendant shall be subject to prosecution for any federal crime of which the government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this

4

investigation. The prosecution may be based on any information provided by the defendant during the course of his cooperation, and this information may be used as evidence against him. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by him.

6.      If the government in its sole discretion determines that the defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the government will:

a.      Make the nature and extent of the defendant's cooperation known to the Court.

b.      Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1 and/or 18 U.S.C. §3553(e), only if the government, in its sole discretion, determines that the defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The defendant understands that, as of the date of this Memorandum of Plea Agreement, the government has not yet determined whether his conduct qualifies for a government motion pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e).

c.      The defendant further understands that the government in its sole discretion will decide whether and how to investigate any information provided by him. The defendant further understands that if he breaches this agreement in any way, including by committing a new crime after the date of this agreement, the government will not file a substantial assistance motion.

5

       d.     Make whatever sentencing recommendation the government deems appropriate.

7.     The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

8.     The defendant understands that if it is discovered that statements made to the government are untruthful in any material way, this agreement is violated and becomes voidable by the government. Whether any untruth is considered material is a determination that the government will make in its sole discretion.

9.     The defendant agrees to join in any reasonable request of the Government to postpone entry of this guilty plea, or to postpone sentencing. The defendant agrees to join in any motion or other action by the government to exclude time under the Speedy Trial Act.

10.    It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all

///

promises, representations, and statements made prior to or after this Memorandum are null and

void and have no effect whatsoever.

COLM F. CONNOLLY
UNITED STATES ATTORNEY

_____
Brian McMonagle, Esquire

Attorney for Defendant

By: _____
Richard G. Andrews
Douglas E. McCann
Assistant U.S. Attorneys

_____
Shawn Williams
Defendant

Dated: 12/1/06

**AND NOW**, this 1st day of December, 2006, the foregoing

Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE KENT A. JORDAN
UNITED STATES DISTRICT JUDGE

7